```
               UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                  Civil No. 11-44(DSD/JJG)
```

Michael F. Maloy,

       Plaintiff,

v.                                                **ORDER**

Michael F. Burns,

       Defendant.

    Michael F. Maloy, 8051 Broad Avenue N.E., Minneapolis, MN 55432, pro se.

    Daniel A. Applegate, U.S. Department of Justice, Tax Division, P.O. Box 7238, Ben Franklin Station, Washington, D.C. 20044-7238, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant Michael Burns and the pro se motions for summary judgment and for temporary injunctive relief by plaintiff Michael Maloy. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion to dismiss.

## BACKGROUND

This tax dispute arises out Maloy's unpaid federal tax liabilities for tax years 2000 to 2005. In September 2010, the Internal Revenue Service (IRS) filed a federal tax lien against Maloy in Anoka County, Minnesota. On October 15, 2010, IRS agent Burns levied Maloy's property by issuing a Form 668-A, Notice of Levy, to Wells Fargo Bank and a Form 668-W, Notice of Levy of

Wages, Salary, and Other Income to Express Scripts, Inc. (collectively, Forms). See Compl. Ex. 1, at 3-4. On January 6, 2011, Maloy filed a complaint seeking "return of all money that the IRS Agent Michael F. Burns has collected" and "an order determining whether [the Forms] should be accorded levy status, together with such other orders as the court deems appropriate." Id. at 4; id. Ex. 1, at 1.

Burns moved to dismiss for lack of subject matter jurisdiction and failure to state a claim, and Maloy moved for summary judgment. The court scheduled a hearing, but the parties agreed to proceed without oral argument.[1] The court took the motions under advisement. On July 8, 2011, Maloy filed a "memorandum in support of motion for temporary injunction" pursuant to Minnesota Rule of Civil Procedure 60.02.[2] See Pl.'s Mem. Supp. T. Inj. 1, ECF No. 18. Maloy seeks an order "enjoining agent Burns and the IRS from further collection activities pending further order of the Court." Id. at 2. The court now considers the motions to dismiss, for summary judgment and for a preliminary injunction.

---

[1] Pursuant to Rule 78, the court determines that oral argument is not necessary in this matter. See Fed. R. Civ. P. 78(b).

[2] The court construes this filing as a motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65.

**DISCUSSION**

**I.   Motion to Dismiss**

A court must dismiss an action over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). In a facial challenge under Rule 12(b)(1), the court accepts the factual allegations in the pleadings as true and views the facts in the light most favorable to the nonmoving party. See Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008); see also Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) ("The nonmoving party receives the same protections [for facial attacks under Rule 12(b)(1)] as it would defending against a motion brought under Rule 12(b)(6)."). The court limits its inquiry to the pleadings. Osborn, 918 F.2d at 729, n.6. The pleadings, however, include matters of public record, materials "necessarily embraced by the pleadings" and exhibits attached to the complaint. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted).

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although the court must view pro se pleadings liberally, "such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980)

**II.  Return of Monies and Status of Levy Forms**

Burns first argues that the court lacks jurisdiction to address Maloy's request for "an order determining whether [the Forms] should be accorded levy status." Compl. Ex. 1, at 1. The Declaratory Judgment Act prohibits the court from granting declaratory relief "with respect to Federal taxes."[3]  28 U.S.C. § 2201(a); see Granse v. United States, 932 F. Supp. 1162, 1166 (D. Minn. 1996). As a result, the court lacks jurisdiction to issue a declaration with respect to the validity of the Forms. Moreover, "full payment of an assessment is a prerequisite to a refund action." Pagonis v. United States, 575 F.3d 809, 812–13 (8th Cir. 2009) (citing Flora v. United States, 362 U.S. 145, 177 (1960)). In the present case, Maloy does not assert that he has paid his tax liability in full. Therefore, dismissal is warranted.[4]

---

[3] Cases relating to the status of a 501(c)(3) organization are exempted from the tax-case prohibition. See 28 U.S.C. § 2201(a).

[4] The court also notes that Maloy has not exhausted his administrative remedies. See Hansen v. United States, 248 F.3d 761, 763–64 (8th Cir. 2001).

4

Moreover, even if the court had jurisdiction over this dispute, dismissal is also warranted for failure to state a claim. Maloy claims that the Forms are not sufficient to be "accorded levy status." See Compl. Ex. 1, at 1. Certain information must be included with a notice of levy including "the provisions of this title relating to levy and sale of property." 26 U.S.C. § 6331(d)(4); see also 26 C.F.R. § 301.6331-2(a)(2). Maloy argues that the Forms are insufficient because they do not cite 26 U.S.C. § 6331(a). This argument is without merit. Although the Forms do not specifically list subsection (a), the Forms cite § 6331 as an "applicable section of the Internal Revenue Code." See Compl. Ex. 1, at 5. Therefore, Maloy fails to plead facts from which a jury could find that Burns violated § 6331(d)(4).

Maloy next claims that § 6331 does not apply to him because he is not "an officer, employee, or elected official of the United States, the District of Columbia, or any agency or instrumentality of the United States or District of Columbia." Pl.'s Am. Mem. Supp. 2. Maloy is incorrect. Congress added the cited language "to subject the salaries of federal employees to the same collection procedure[s] as are available against all other taxpayers." Sims v. United States, 359 U.S. 108, 112-113 (1959). The first sentence of § 6331(a) gives the IRS authority to levy the property of "any

person liable to pay any tax" 28 U.S.C. § 6331(a). Maloy fails to plead any facts to show that he is not "a person liable to pay any tax."

Maloy also argues that § 6331 requires a court order before the IRS may levy his property. It does not. The cases cited in support of this claim are inapposite. In United States v. O'Dell, the Sixth Circuit applied the Internal Revenue Code of 1939, which referenced a warrant. See 160 F.2d 304, 307 (6th Cir. 1947). Congress removed the warrant reference in 1954. See Heaton v. YRC, Inc., No. 09-2807, 2009 WL 5103228, at *2 (D. Minn. Dec. 17, 2009) (citing Rosenblum v. United States, 300 F.2d 843, 845 (1st Cir. 1962)). In re Tax Indebtedness of Stephens Equipment Co. involved the physical seizure of items from private property for which the Fourth Amendment requires a warrant. See 54 B.R. 626, 627 (D. Mont. 1985) (citing G.M. Leasing Corp. v. United States, 429 U.S. 338, 358 (1977)). Lastly, Schultz v. IRS, 395 F.3d 463 (2d Cir. 2005), addresses IRS summonses under 26 U.S.C. § 7604. See Celauro v. United States, 371 F. Supp. 2d 219, 224-25 (E.D.N.Y. 2005) ("Section 7604 and Schulz only involve the enforcement of IRS summonses and have no effect on the issuance of a Notice of Levy."). As a result, this claim fails. Therefore, dismissal is also warranted for failure to state a claim.[5]

---

[5] In his memorandum in response to the motion to dismiss, Maloy argues that he is entitled to relief under 26 U.S.C. §§ 7432
(continued...)

**III.   Enjoining Collection Activities**

Burns argues that the Internal Revenue Code's Anti-Injunction Act, 26 U.S.C. § 7421, prohibits prospective relief.  Section 7421 prohibits suits "for the purpose of restraining the assessment or collection of any tax" with certain exceptions not applicable to this action.  Id.  "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund."  Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).  To the extent that Maloy seeks to "enjoin[] agent Burns and the IRS from further collection activities" such relief is barred by § 7421.[6]  See Pagonis, 575 F.3d at 812–13.  Moreover, the court has already determined that Maloy's claims are without merit.  Therefore, injunctive relief is neither available nor warranted.

---

[5](...continued)
and 7433.  Pl.'s Resp. 1, 3.  This argument fails, because § 7433 remedies a situation in which an officer of the IRS disregards the law or regulations.  26 U.S.C. § 7433(a).  The court determined that the Forms comply with the law and regulations.  Maloy does not argue that the IRS should release the lien.  See 26 § 7432(a).

[6] An exception allows relief in cases where "under the most liberal view of the law, and the facts, there [is] no possibility the government [can] establish its claim, and that irreparable harm would occur absent an injunction."  See Pagonis v. United States, 575 F.3d 809, 814 (8th Cir. 2009).  This exception does not apply here, because the record does not support such a finding, and Maloy does not dispute that he owes the taxes.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion to dismiss [ECF No. 4] is granted;

2.   The motion for summary judgment [ECF No. 8] is denied; and

3.   The motion for a temporary injunction [ECF No. 12] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 16, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court
